## ISAAC SHORT *vs.* GEORGE W. CUMMINS.

Rules to lay down pretensions must be executed on notice to the other party.
The surveyor and chain carriers should be sworn.

TRESPASS qua. clau. fregit. Pleas, not guilty, and liberum tenementum. New assignment and issue.

This was an action of trespass to try the title to a certain piece of land at Long Point, in Duck Creek hundred, over which the defendant had laid out and opened a road and built a wharf for a steamboat landing.

The plots of the plaintiff's pretensions were objected to—1. Because the surveyor and chain carriers were not *sworn*  2. Because it did not appear on the face of the return that any notice was given to the other party. 3. Nor that it was executed in presence of the sheriff. 4. Because the plaintiff's plots were on their face uncandid and unfair, stating as facts, things which were not proved.

*By the Court.*

BOOTH, *Chief Justice:*—We think that these orders ought to be executed under oath, and there ought to be rules for that purpose; but we find none, and the practice has been various. Without any

law, or previous rule of court, requiring this, we are disinclined to reject these plots. But the remarks of the surveyor upon them are obviously improper, and ought to be stricken out, as we would rule out the answer to an improper question of a witness at bar, even after it was answered. The surveyor, though named by the party and bound to lay down his pretensions, is not to take sides, but to represent the *truth*, and any statement made by him on the plot, of facts not proved, or of arguments to support a side, are manifestly improper.

The surveyor who executed the order to lay down plaintiff's pretensions, was then called.

Question by Mr. Bayard.—Did you run any of the lines plotted at any other time than when notice was given to the defendant?

Answer.—I had run the property lines many years ago, and run some of these lines since they were plotted, merely to verify my own previous protractions. These lines are no part of the disputed premises; they are other lines which had been protracted as explanatory of these. I often protract them without survey.

The plots again objected to.

*By the Court.*—The rule of court to lay down pretensions, requires that these surveys shall be made with ten days' notice to the other party. This requires notice of the running of all lines material to the dispute, whether the main lines or lines of illustration; if they are laid down on the plots; and if a party is allowed to run the disputed line in presence of or with notice to the parties, and afterwards without notice to run other lines bearing upon the question of the disputed line, the whole object of notice would be evaded.

It appears in this case that the course of the creek, which is a boundary of these disputed premises, was taken by survey, without notice to the defendant, and indeed when the defendant was engaged in laying down his own pretensions; and also that another line protracted on the plot was surveyed without notice.

These objections so entirely vitiate the plaintiff's plots, as to make them unreliable as evidence; and we are obliged to rule them out; though we had much rather the objection should be reserved and applied to the effect of the plots, so that the case might go on.

Plots ruled out and plaintiff nonsuited.

*Bates* and *Smithers*, for plaintiff.

*Bayard* and *Comegys*, for defendant.